**Raul A. HENAO, Petitioner–Appellant,**

v.

**John ASHCROFT, as Attorney General of the United States, Respondent–Appellee.**

No. 03–2915.

United States Court of Appeals, Second Circuit.

Aug. 13, 2004.

Stephan J. Baczynski, Assistant United States Attorney, Buffalo, N.Y. (Michael A. Battle, United States Attorney, and Monica J. Richards, Assistant United States Attorney), for Appellee, of counsel.

Giovanna Macri, Buffalo, N.Y. (Mark T. Kenmore), for Appellant, of counsel.

PRESENT: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

### SUMMARY ORDER

Raul A. Henao appeals from a judgment entered in the United States District Court for the Western District of New York (Scott, *M.J.*), dismissing his habeas corpus petition brought pursuant to 28 U.S.C. § 2241. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews *de novo* the district court's dismissal of a habeas petition. *E.g., Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir.1996).

■ For substantially the reasons stated by the district court, Henao failed "to establish a prima fac[i]e case" under the Convention Against Torture ("CAT"). *See also* 8 C.F.R. § 208.18(a)(1) (providing that "pain or suffering," under the CAT, must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"); *id.* § 208.18(a)(7) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."). Accordingly, the district court properly dismissed Henao's habeas petition challenging the BIA's refusal to reopen his removal proceedings for a CAT hearing. *See INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) ("[T]he BIA may deny a motion to reopen

... [where] the movant has not established a prima facie case for the underlying substantive relief sought.")

■ Insofar as Henao relies on his ineffective assistance claim (i.e., his attorney's allegedly improper waiver) to argue that he was not required to establish a prima facie case under the CAT, he misunderstands our precedent. We have held that "[i]n order for [a petitioner] to show that his attorney's failure to file caused him *actual prejudice*, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (emphasis added). As stated above, however, Henao has made no such showing.

In addition, although the BIA rejected Henao's ineffective assistance claim on the merits, Henao "failed to meet the applicable requirements regarding presentation of his claim...." *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993) (per curiam) (discussing the evidentiary requirements under *In re Lozada*, 19 I. & N. Dec. 637, 639(BIA), *petition for review denied*, 857 F.2d 10 (1st Cir.1988)).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.