Md Abdus Salam AKON, Petitioner,

v.

Alberto R. GONZALES,[1] United States Department of Justice, Executive Office for Immigration Review, Edward J. McElroy Respondents.

No. 03–40435–AG.

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Md Abdus Salam Akon, Elmhurst, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney, Robert L. Eberhardt, Assistant United States Attorney, Pittsburgh, Pennsylvania, for Respondents.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part, the BIA's July 2003 order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Md Abdus Salam Akon, a native and citizen of Bangladesh, petitions for review of the BIA's July 2003 order denying his motion to reopen his final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d. Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In its 2003 Decision, the BIA found that Akon "complied with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988)," but that he "failed to demonstrate prejudice flowing from the alleged ineffective assistance of counsel ... [and] offered no evidence in [his] motion to establish that [he] would have prevailed on [his] claim for asylum." The BIA also found that, while Akon asserted a well-founded fear of persecution from the Bangladesh Nationalist Party (BNP), there was no evidence in the record to suggest that Akon would suffer persecution if returned to Bangladesh, and his motion did not show changes in country conditions sufficient to reopen his case.

Although Akon complied with the requirements under *Matter of Lozada*, 19 I. & N. Dec. 637, for his claim of ineffective assistance of counsel, he was never effectively afforded the opportunity by the BIA to present facts showing that competent counsel would have acted otherwise in his case and that, had his case been heard, the result would have been different. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993). In his asylum application, Akon alleged that, as a ranking member of the Jatiya Party, he was "subjected to persecution by the police as well as the extralegal BNP members ... [his] family members were threatened, harassed and insulted. [His] life was threatened on several occasion ... [he] was tortured and abused by the police while interrogation [sic]." He also asserted that he feared returning

to Bangladesh, because he would be arrested by the police who have filed politically motivated charges against him, and he would be attacked and killed by gangsters of the BNP. However, due to the alleged ineffective assistance of his original counsel, he withdrew the application and never had a merit hearing at which he might have presented these claims. In his brief in support of his motion to reopen before the BIA, Akon claimed that he suffered past persecution and had a well-founded fear of persecution, that there were changed country conditions, and that he demonstrated that he suffered from ineffective assistance of counsel. He also provided various materials, including his asylum application, in support of his claim of ineffective assistance of counsel. In its decision, the BIA considered Akon's claim that he had a well-founded fear of persecution, but it ignored his documented claim of past persecution on account of his political opinion. The BIA offered no explanation why, in finding that Akon failed to show prejudice from the alleged ineffective assistance of counsel, it ignored Akon's claim of past persecution, and why it claimed that Akon offered no evidence to demonstrate that he would have prevailed on his asylum claim. As a result, the BIA abused its discretion in finding that Akon did not meet the requirements for showing that he suffered from ineffective assistance of counsel.

■ The BIA also abused its discretion in determining that the record was devoid of evidence to suggest that Akon would suffer persecution if returned to Bangladesh, and that his motion did not show changes in country conditions sufficient to reopen his case. The BIA failed to consider the claim in Akon's brief that he suffered past persecution—a claim that might have changed the BIA's analysis of current country conditions, based on Akon's partic-

ular circumstances, had that claim been examined, but which, due to the alleged ineffective assistance of counsel and the lack of a merit hearing, could not be presented to the BIA through any mechanism except a motion to reopen or reconsider.

■ The BIA's determination that Akon's request to apply for CAT relief was not timely filed under 8 C.F.R. § 1208.18(b)(2)(i), was not an abuse of discretion. Pursuant to 8 C.F.R. § 1208.18(b)(2)(i), an alien who was ordered removed or whose removal orders became final before March 22, 1999, and who seeks to apply for relief under CAT, must file a motion to reopen no later than June 21, 1999. Akon was ordered removed in 1997. By August 1998, he was no longer represented by the original counsel against whom he made his claim of ineffective assistance of counsel. However, he did not file a motion to reopen for CAT relief until February 2003, some four and one-half years after he changed his attorney.

For the foregoing reasons, we deny the petition for review in part and grant it in part, vacate the BIA's decision in part, and remand to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).