**GUO QIU HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6584–ag.**

United States Court of Appeals,
Second Circuit.

July 26, 2006.

Michael Brown, New York, New York, for Petitioner.

Jim M. Greenlee, United States Attorney, Northern District of Mississippi, John E. Gough Jr., Assistant United States Attorney, Oxford, Mississippi, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Guo Qiu Huang, through counsel, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen and remand. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The Court reviews the BIA's denial of a motion to reopen or remand for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d.Cir.2004).

■ The BIA did not abuse its discretion in denying Huang's motion to reopen and remand. The BIA reasonably found that Huang filed an untimely motion. Because Huang did not appeal the IJ's January 1999 decision denying Huang's applications for relief and ordering him deported, that decision was the final administrative decision from which his motion had to be filed within ninety days. Huang's motion, which is the subject of his petition to this Court, was, however, filed in August 2005, well beyond the 90–day deadline under the regulations. *See* 8 C.F.R. § 1003.2(c)(2).

■ In his motion, Huang claimed that his late-filing should be excused because he was the victim of ineffective assistance of counsel by his original attorney. Huang claimed that he only learned about his 1999 deportation order when he went for an adjustment of status interview in May 2004. After retaining new counsel, Huang filed a motion to reopen with the IJ in September 2004, which the IJ denied. Huang then filed an appeal of the IJ's decision with the BIA, which the BIA denied. Finally, in August 2005, Huang filed a motion to reopen and remand with the BIA, in which, for the first time, he claimed that he was the victim of ineffective assistance of counsel in that his original counsel, who had changed addresses, did not inform him of her address change or of the 1999 order of deportation against him.

Notwithstanding Huang's claim of ineffective assistance of counsel, the BIA reasonably found that equitable tolling did not apply to Huang's late-filing of his motion, because Huang failed to exercise due diligence in pursuing his claim during the period he sought to toll. *See Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993); *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988); 8 C.F.R. § 1208.4(a)(5)(iii). In reaching this determination, the BIA noted that Huang's claim of ineffective assistance could have been raised almost a year earlier, in 2004, when his attorney filed a motion to reopen with the IJ, and again when he appealed that motion to the BIA. Further, Huang did not demonstrate that he exercised due diligence once he learned, in 1999, that his original counsel had moved and, ostensibly, could not be located.

■ This Court lacks jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority. *See Ali v. Gonzales,* 448 F.3d 515 (2d Cir.2006) (holding that a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and, therefore, beyond the Court's review—*i.e.,* the Court lacks jurisdiction to review the BIA's decision not to reopen.)

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions

is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).