1. We direct the clerk to alter the official caption to reflect the proper spelling of petitioner's name.

Ervis BUKILICI,[1] Petitioner,

v.

Alberto R. GONZALES,[2] United States Attorney General, Respondent.

No. 05–0549–AG.

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Glenn L. Formica, Wethersfield, CT, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

Present JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Ervis Bukilici, through counsel, petitions for review of the BIA's denial of his motion to reconsider its November 2004, decision dismissing his appeal. We assume the

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

Here, the BIA did not abuse its discretion in denying Bukilici's motion for reconsideration because, *inter alia,* Bukilici has not shown that he alerted his former counsel of any alleged ineffective assistance. *See Esposito v. I.N.S.,* 987 F.2d 108, 110–11 (2d Cir.1993) (per curiam) (recounting the requirements of *In re Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988) for ineffective assistance of counsel). Although he claimed to have written Attorney Foster a letter detailing the alleged ineffective assistance, Bukilici never submitted a copy of the letter to the BIA. More importantly, Bukilici's argument that Foster's failure to file a timely appeal constitutes *per se* ineffective assistance fails, in large part, because Foster's explanation as to why she filed the appeal past the deadline was not unreasonable.

The BIA also did not abuse its discretion in concluding that an ineffective assistance claim against Foster should have been raised when Bukilici filed his appellate brief, as the information necessary to make the alleged claim was available to him at that time, and new counsel filed the appeal brief on his behalf. As the BIA noted, Bukilici's current counsel did not deny that he had seen Foster's notice of appeal before he filed Bukilici's brief, and the notice of appeal clearly indicates that the appeal from the IJ's December 22, 2002, decision was untimely filed on September 22, 2003. The BIA therefore did not err in assuming that Bukilici was on notice that his appeal was untimely filed.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1). Any other outstanding motions are hereby DENIED as moot.