**QUAN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4291–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, New York, NY, for Petitioners.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Fred T. Hinrichs, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Quan Lin, a native and citizen of China, seeks review of a July 30, 2004 order of the BIA denying Lin's motion to reopen. *In re Quan Lin,* No. A70 648 270 (B.I.A. July 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). When reviewing the denial of a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *Id.* at 90.

The regulations state that individuals must file a motion to reopen within 90 days of the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Lin's motion was filed out of time. However, the filing deadline may be equitably tolled for motions based on ineffective assistance of counsel if the applicant proves that he exercised due diligence in filing the motion. *See, e.g., Iavorski v. INS,* 232 F.3d 124, 129–34 (2d Cir.2000). In his motion, Lin failed to present any evidence as to what he did to merit equitable tolling between the BIA's denial of his

appeal in August 2002 and the filing of his motion to reopen in June 2004. Although Lin indicated that he was unaware of the ineffective assistance of counsel until he met with a new attorney, Lin did not explain when he first met with the new attorney. Accordingly, the BIA did not abuse its discretion in determining that Lin failed to prove that he exercised due diligence in filing his ineffective assistance of counsel claim.

■ The BIA also properly denied Lin's motion for failing to comply with the procedural requirements set forth by the BIA. In *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), the BIA stated that aliens alleging ineffective assistance of counsel must include an affidavit setting forth the agreement with former counsel, proof that the alien notified former counsel of the allegations and allowed counsel an opportunity to respond, a statement as to whether the alien filed a complaint with any disciplinary authority or an explanation for why one was not filed. The BIA correctly stated that Lin did not include any of these documents with his motion to reopen.

Lin argues, however, that his failure to comply with these requirements is not dispositive, and he cites to several cases outside of this Circuit in support of that assertion. We reject this argument, because we have already found that these requirements set forth by the BIA are reasonable. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993). In addition, failure to comply with the *Lozada* requirements is a proper ground on which the BIA may deny a motion to reopen. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005). Accordingly, the BIA did not abuse its discretion in denying Lin's motion on this ground.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).