Antonio **ESPOSITO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

**No. 482, Docket 92–4103.**

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1992.

Decided March 1, 1993.

Michael P. Di Raimondo, New York City (Marialaina L. Masi, of counsel), for petitioner.

Claude M. Millman, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., James A. O'Brien, III, Sp. Asst. U.S. Atty., Gabriel W. Gorenstein, Asst. U.S. Atty., S.D.N.Y., New York City, of counsel), for respondent.

Before: OAKES, NEWMAN, and MAHONEY, Circuit Judges.

PER CURIAM:

Petitioner Antonio Esposito, a native and citizen of Italy, had been a lawful permanent resident of the United States since 1970. In 1986, he was convicted in Virginia state court of unlawful possession of cocaine with the intent to distribute, unlawful possession of marijuana, and unlawful possession of a sawed-off shotgun. He was sentenced as follows: (1) for the cocaine possession, a suspended sentence of twenty years imprisonment conditioned upon twenty years good behavior, a $10,000 fine, twelve months imprisonment, and court costs; (2) for the marijuana possession, a suspended sentence of twelve months imprisonment conditioned upon twenty years good behavior, and court costs; and (3) for the unlawful possession of a sawed-off shotgun, a suspended sentence of five years imprisonment conditioned upon twenty years good behavior, and court costs.

In June 1987, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Esposito as deportable under 8 U.S.C. § 1251(a)(11) (1988) for having been convicted of a narcotics offense, and under 8 U.S.C. § 1251(a)(14) (1988) for the conviction of unlawful possession of a sawed-off shotgun.[1] At the deportation proceeding, Esposito sought discretionary relief pursuant to § 1182(c).

---

1. Subsections 1251(a)(11) and (14) were amended and recodified by Immigration Act of 1990, Pub.L. No. 101–649, § 602, 104 Stat. 4978, 5080 (1990)). The analogous provisions in the amended statute are 8 U.S.C. § 1251(a)(2)(B), (C) (Supp. II 1990).

*See Francis v. INS*, 532 F.2d 268 (2d Cir. 1976) (applying § 1182(c) to waiver of deportation). An immigration judge ("IJ") found Esposito deportable based on his criminal convictions, and denied his application for waiver of deportation under § 1182(c) because there existed no ground of exclusion comparable to the deportation charge for possession of a sawed-off shotgun.

Esposito did not appeal the decision of the IJ to the Board of Immigration Appeals ("BIA"). Esposito claims that he instructed his counsel, Richard P. Maracina, to appeal this decision, and that Maracina agreed to file the appeal, but never did so. Esposito retained new counsel and, in October 1989, filed a motion to reopen and reconsider his order of deportation. Esposito sought to have his application for § 1182(c) relief reconsidered on the grounds that (1) his prior counsel was ineffective; and (2) the IJ's decision violated his rights to due process and equal protection. The IJ denied Esposito's motion, and Esposito filed an appeal to the BIA. On May 12, 1992, the BIA dismissed Esposito's appeal, holding that: (1) Esposito had not shown that he was prejudiced by the ineffective assistance of his prior counsel; and (2) the IJ had correctly determined that Esposito was ineligible for § 1182(c) relief. In so ruling, the BIA followed the Attorney General's decision in *In re Hernandez–Casillas*, Interim Decision No. 3147, 1990 WL 305648 (BIA Jan. 11, 1990) (A.G. Mar. 18, 1991), *appeal docketed*, No. 92–4033 (5th Cir. Jan. 14, 1992), which held that a § 1182(c) waiver is available only to an alien charged as being deportable under a ground of deportability for which there is a comparable ground of exclusion. Esposito then filed this petition for review.

■ The INS asks this court to dismiss Esposito's petition on the ground that Esposito has failed to surrender for deportation for over four years, and is therefore a fugitive from justice who should not be entitled to judicial review of his petition. We have the authority to dismiss a civil appeal when our jurisdiction is invoked by a fugitive from justice, *see United States*

*v. Eng*, 951 F.2d 461, 464–67 (2d Cir.1991) (fugitive from justice in criminal prosecution not entitled to adjudication of claims in related civil forfeiture proceeding), and other courts have used this doctrine to deny review of an alien's petition to review an adverse BIA determination. *See Hussein v. INS*, 817 F.2d 63, 63 (9th Cir.1986) (per curiam) (alien's escape from federal custody inconsistent with pursuit of judicial remedies and constitutes voluntary waiver of pending judicial review of petition); *Arana v. INS*, 673 F.2d 75, 76–77 (3d Cir.1982) (per curiam) (declining to review order of deportation directed to alien who concealed whereabouts from immigration authorities and failed to comply with bench warrant).

■ This doctrine, however, is invoked at our discretion, *see Eng*, 951 F.2d at 465, and we do not find sufficient reason to apply it in the present case. While it is true that Esposito did not comply with a notice of surrender for his deportation on September 15, 1988, Esposito claims to have believed that his attorney was contesting this order and the underlying BIA decision in federal court. Moreover, Esposito has not escaped from custody, the INS never requested a bench warrant for his arrest, and Esposito never concealed his whereabouts from the INS.

■ The INS also contends that Esposito's motion to reopen and reconsider was properly denied because he failed to meet the applicable requirements regarding presentation of his claim of ineffective assistance of counsel to the BIA. The BIA has established evidentiary requirements for asserting such claims in a motion for relief from a final order of deportation. *See In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA), *petition for review denied*, 857 F.2d 10 (1st Cir.1988). The alien must submit: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a

statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so. *Id.*

In this case, Esposito provided an affidavit in support of his motion to reopen and reconsider that set forth his agreement with prior counsel that an appeal would be taken from the adverse determination by the IJ. Esposito served a copy of the motion upon Maracina on October 19, 1989. The motion was filed with the IJ on October 20, 1989, and was decided on December 5, 1989. Esposito did not file a complaint with any disciplinary authority, but provided a reasonable explanation in his affidavit (a belief that Maracina had already been suspended from the practice of law) for not doing so. We accordingly conclude that Esposito met the *Lozada* requirements for the filing of his motion to reopen and reconsider, and proceed to the merits of his claim.

■ Esposito contends that the BIA abused its discretion in denying his motion to reopen and reconsider by failing to find that he suffered ineffective assistance of counsel. To prevail on his claim, Esposito "must allege sufficient facts to allow this court to infer that competent counsel would have acted otherwise," *Paul v. INS*, 521 F.2d 194, 199 (5th Cir.1975), and must also show that he was prejudiced by his counsel's performance. *Mohsseni Behbahani v. INS*, 796 F.2d 249, 251 (9th Cir.1986); *Lozada*, 19 I. & N. Dec. at 638. Esposito alleges that he asked his attorney to appeal the decision of the IJ, and that his attorney agreed to appeal, but never did so. A reviewing court uses its own judgment as to whether counsel was effective and, in our view, it can safely be said that a competent attorney would have acted otherwise. *Cf. Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983) (client has ultimate authority to make fundamental decisions regarding case, such as whether to take appeal).

■ The second hurdle Esposito must overcome, however, is showing that, had the appeal been made, the result would

have been different. The BIA concluded that it would not, stating:

> We find that the [IJ] properly concluded that given the respondent's admissions and the evidence contained in the record, the respondent was statutorily ineligible for [§ 1182(c)] relief.
>
> Under the precedent decisions of this Board, a [§ 1182(c)] waiver is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability.

Thus, the issue presented is whether the BIA erred in determining that Esposito was statutorily ineligible for relief under § 1182(c).

Section 1182(c) vests the Attorney General with discretion to permit an immigrant in exclusion proceedings who has voluntarily departed from the United States to return when the immigrant: (1) has an unrelinquished domicile in the United States of seven years; and (2) has been convicted of certain specified offenses. In *Francis*, we ruled that the Attorney General is vested with identical discretion to permit an immigrant to remain in this country who: (1) had an unrelinquished domicile of seven years; (2) had been convicted of a marijuana offense; and (3) had not departed from and returned to this country. *Francis* held that equal protection mandated the extension of § 1182(c) discretion to deportation proceedings despite the absence of any statutory basis for that extension. 532 F.2d at 269, 273. In *Hernandez–Casillas*, the Attorney General held that his *Francis*-mandated discretion extends only to aliens convicted of crimes that are grounds for deportation and, like the marijuana offense in *Francis*, have counterparts in § 1182, the exclusion section of the Immigration and Nationality Act.

Esposito contends that an alien convicted of a crime that is a ground for deportation but not for exclusion is eligible for *Francis* discretionary relief. The court has raised the question, however, whether Esposito is eligible for such relief in any event because his conviction for weapons possession, cou-

pled with others in his history, may present a ground for exclusion under 8 U.S.C. § 1182(a)(2)(B) (Supp. II 1990), which provides that:

> Any alien convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement actually imposed were 5 years or more is excludable.

This question in turn resolves into two issues upon which the BIA has not previously ruled: (1) whether § 1182(a)(2)(B) applies to Esposito's situation (i.e., whether the aggregate *suspended* sentences of five years or more to which Esposito was subjected were "actually imposed" within the meaning of § 1182(a)(2)(B)); and (2) if so, whether Esposito should be deemed eligible for § 1182(c) relief because he would be excludable under § 1182(a)(2)(B) as a result of criminal convictions that include his conviction for weapons possession, or nonetheless ineligible for such relief because his conviction for weapons possession, standing alone, results in a ground for deportation under § 1251(a)(2)(C) that has no counterpart in § 1182. The government suggests a remand to resolve these issues. Esposito opposes remand, requesting that we decide his petition for review on the existing record.

We have concluded that it is appropriate that the BIA address these issues prior to any ruling by this court on Esposito's petition for review. We note, as to the first issue stated immediately above, that there is authority to the effect that a sentence is "actually imposed" for immigration purposes even though its execution is suspended. *See In re Castro*, 19 I. & N. Dec. 692, 695–96 (BIA 1988). There is also, however, authority to the contrary. *See* 22 C.F.R. § 40.22(b) (1992) ("A sentence to confinement that has been suspended by a court of competent jurisdiction is not one that has been 'actually imposed' within the meaning of [§ 1182(a)(2)(B)].").

Accordingly, we vacate the decision of the BIA dismissing Esposito's appeal from the order denying his motion to reopen and reconsider his *order of deportation*. The matter is remanded to the BIA for it to determine: (1) whether the aggregate suspended sentences of five years or more to which Esposito was subjected were "actually imposed" within the meaning of § 1182(a)(2)(B), with the result that § 1182(a)(2)(B) applies to Esposito's situation; and if so, (2) whether an immigrant who has a conviction for weapons possession that would be a constituent of a § 1182(a)(2)(B) violation, thus providing a ground for exclusion subject to *Francis* discretionary relief, is nonetheless ineligible for such relief because that conviction standing alone also provides a ground for deportation under § 1251(a)(2)(C) that has no counterpart in § 1182. Any further petition for review in this case will be heard by this panel.