104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
IMMIGRATION AND NATURALIZATION SERVICE, Appellee,
v.
Franklin DELVILLAR, Defendant-Appellant.
 Nos. 94-4108, 95-4222.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Michael G. Radigan, New York, NY.
 James A. O'Brien, III, S.A.U.S.A., S.D.N.Y., New York, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the Board of Immigration Appeals and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the petition for review be DENIED.
 
 
 3
 Franklin Delvillar is a citizen of the Dominican Republic and a legal United States permanent resident since 1965. He was convicted in the United States District Court for the Southern District of New York of unlawful possession of stolen U.S. Treasury checks in violation of 18 U.S.C. §§ 2, 1708. A year later, Delvillar was convicted of forging writings to obtain, and enable another person to obtain, certain sums of money from the United States, in violation of 18 U.S.C. § 495, the unlawful publishing of certain false and counterfeited writings in the form of Treasury checks, in violation of 18 U.S.C. § 495, and unlawful possession of certain stolen Treasury and New York State unemployment checks, in violation of 18 U.S.C. §§ 2, 1708.
 
 
 4
 The INS instituted deportation proceedings against Delvillar, pursuant to 8 U.S.C. § 1251(a)(2)(A)(ii). Delvillar argued that he was not subject to deportation under 8 U.S.C. § 1251(a)(2)(A)(ii), and also filed an application for waiver of deportation pursuant to 8 U.S.C. § 1182(c) ("212(c) application"). After a hearing the INS ordered him deported. Delvillar appealed this decision to the Board of Immigration Appeals ("BIA"), arguing that he was not deportable under 8 U.S.C. § 1251(a)(2)(A)(ii) because his convictions arose out of a single scheme of criminal misconduct. Delvillar, however, did not appeal the BIA's denial of his 212(c) application. The BIA dismissed Delvillar's appeal, finding his claim that his convictions arose out of a single scheme of criminal misconduct without merit.
 
 
 5
 Delvillar moved the BIA to reopen his deportation proceeding, arguing that he did not receive notice of the BIA's dismissal of his appeal. The BIA denied this motion, noting that it had sent notice of its dismissal to Delvillar's counsel of record. Delvillar moved the BIA again to reopen his deportation proceedings, now arguing that he received ineffective assistance of counsel during his deportation hearing and during and after his appeal to the BIA and that the BIA should reconsider his 212(c) application in light of new evidence. The BIA denied this motion because Delvillar did not comply with the procedural requirements for demonstrating a claim for ineffective assistance of counsel as set forth in Matter of Lozada, 19 I. & N. Dec. 637(BIA), aff'd, 857 F.2d 10 (1st Cir.1988) and because he failed to appeal the original denial of his 212(c) application, thereby precluding later review.
 
 
 6
 Delvillar now appeals, arguing that: (1) the BIA abused its discretion in rejecting his claim of ineffective assistance of counsel, and (2) the BIA abused its discretion in declining to reconsider his 212(c) application based on circumstances that have arisen since his deportation hearing.
 
 
 7
 Matter of Lozada requires that petitioners meet certain evidentiary requirements in order to assert a successful claim for ineffective assistance of counsel. 19 I. & N. Dec. 637(BIA). Delvillar failed to meet two of the three requirements, by failing to set forth in an affidavit the agreement with his counsel concerning what action would be taken, and a statement as to whether a complaint was filed by him against his counsel with the appropriate ethical board and, if not, a reason for his failure to do so.
 
 
 8
 A petitioner is required to demonstrate that if his counsel had acted otherwise, his appeal would have been successful. See Esposito v. INS, 987 F.2d 108, 110 (2d Cir.1993). Delvillar has not shown this.
 
 
 9
 Because Delvillar failed to prove an ineffective assistance of counsel claim, he is bound by the action of his counsel and therefore, cannot introduce new evidence in support of a 212(c) application, the denial of which he never appealed to the BIA and must thus be deemed to have abandoned. See Maganellanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986).
 
 
 10
 We have considered all the arguments raised by Delvillar and find them to be without merit.
 
 
 11
 Accordingly, the petition for review is DENIED.