**Chang CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, the United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security,\* Respondents.**

**Docket No. 03–4799–AG.**

United States Court of Appeals, Second Circuit.

Sept. 2, 2005.

---

\* Alberto Gonzales, the current Attorney General of the United States, is hereby substituted for his predecessor, John Ashcroft. *See* Fed. R.App. P. 43(c)(2). Michael Chertoff, the cur-rent Secretary of the Department of Homeland Security, is hereby substituted for his predecessor, Tom Ridge. *See id.*

Douglas B. Payne, New York, NY, for Petitioner.

Sara K. Blackwell, Assistant United States Attorney (Donald W. Washington, United States Attorney for the Western District of Louisiana, on the brief), Lafayette, LA., for Respondents.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED.**

Petitioner Chang Chen seeks review of an April 2, 2003, Board of Immigration Appeals ("BIA") order denying his motion to reconsider the BIA's February 19, 2003, order denying as untimely his motion to reopen proceedings. On March 29, 2002, the BIA entered a final order closing proceedings and dismissing his appeal for failure to file a brief, from a May 2, 2000, decision of an immigration judge ("IJ") denying his application for asylum and withholding of removal and ordering him removed from the United States. In his petition to this court, Chen argues that the BIA abused its discretion in denying his motion to reconsider the BIA's denial of his motion to reopen, even though he did not satisfy the ineffective-assistance-of-counsel requirements set forth in *In re Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988).

We review BIA decisions denying motions to reopen or to reconsider for abuse of discretion. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001); *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements...." *Zhao,* 265 F.3d at 93 (citations omitted).

■ The BIA did not abuse its discretion in denying the motion to reconsider the denial of the motion to reopen. Chen's motion to reopen proceedings was untimely filed. "[A] party may file only one motion to reopen deportation or exclusion proceedings ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened...." 8 C.F.R. § 1003.2(c)(2). The BIA order dismissing Chen's appeal from the IJ's decision issued on March 29, 2002. Chen moved to reopen proceedings on November 25, 2002—which is clearly more than 90 days after the BIA's final order.

Moreover, equitable tolling is not applicable in this case. "[E]quitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled." *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (internal quotation marks omitted). "In a situation where fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation." *Id.* Chen has failed to demonstrate that he pursued the motion to reopen with reasonable diligence, and, therefore, the BIA did not abuse its discretion.

■ Chen alleges that the BIA abused its discretion by not reconsidering its denial of his motion to reopen and then reopening the proceedings on ineffective-assistance-of-counsel grounds, that argument fails as well because he has not satisfied the applicable requirements for such a claim. In order to assert a ineffective-assistance claim, a petitioner must submit:

(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993) (citing *Lozada*, 19 I. & N. Dec. at 639). In its February 19, 2003, decision, the BIA specifically found that Chen "has failed to meet these requirements." We

agree and find that BIA did not abuse its discretion. Assuming that Chen met the first requirement, we find that he has failed to show that the former counsel was notified of these allegations and given an opportunity to respond, or that a complaint was filed against the attorney.

We have carefully considered Chen's remaining arguments and find them to be without merit.

For the reasons set forth above, the petition for review is **DENIED**.