**Natajaya HIUSON, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40098–Ag.**

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the August 14, 2006 due date specified in the scheduling order issued on July 14, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Natajaya Hiuson petitions for review of the BIA's denial of his motion to reopen his removal proceedings. *In re Natajaya Hiuson*, No. A 76 122 506 (B.I.A. May 27, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Although the BIA offered no concrete reasons for denying petitioner's motion, remand would be futile because petitioner failed to show *prima facie* eligibility for asylum, withholding of removal, or withholding pursuant to the Convention Against Torture ("CAT"). *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993). Therefore, even if petitioner substantially complied with the requirements for claims of ineffective assistance under *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and even the demonstrated due diligence to merit equitable tolling of the deadline for filing a motion to reopen, it is clear that his motion nevertheless must fail. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904.

First, Hiuson offered no reasons or further evidence in his motion to overcome the IJ's finding that Hiuson lacked credibility in his claim to be a Christian. Therefore he failed to establish *prima facie* eligibility for asylum or withholding on this basis. Additionally, he did not argue how the harassment he allegedly faced in Indonesia on account of his Chinese ethnicity rose to the level of persecution, and thereby failed to establish asylum eligibility on this basis. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). Finally, Hiuson offered no persuasive evidence that he would be subject to future persecution on account of his ethnicity, failing to establish asylum and withholding eligibility on this ground. Because he alleges no reasons other than his ethnicity and religion for why he could be persecuted, he has also failed to establish eligibility for withholding under the Convention Against Torture ("CAT").

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.