**Luis Alfredo Romero MINAS,
Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 05–4920–ag.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Luis Alfredo Romero Minas, through counsel, petitions for review of the BIA's August 2005 decision affirming Immigration Judge ("IJ") Jeffery S. Chase's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). To prevail on an ineffective assistance of counsel claim, a petitioner "must allege sufficient facts to allow the court to infer that competent counsel would have acted otherwise ... [and] that he was prejudiced by his counsel's performance." *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993).

Here, as the BIA noted, Romero Minas does not show what kind of evidence, if any, he would have submitted at his hearing if he had been represented by more competent counsel. Nothing in his briefs to the BIA or to this Court indicates how a having a different attorney would have changed the outcome of his asylum and withholding of removal claims. He has therefore failed to establish that his hearing was unduly prejudiced by his former counsel's alleged misconduct. In addition, although the BIA indicated that it would have denied Romero Minas CAT relief, he did not raise a CAT claim before the agency or this Court. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).