**QING LING CHEN, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40878–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Laura McMullen Ford, Special Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Qing Ling Chen, a native and citizen of the People's Republic of China, seeks review of an October 10, 2003 order of the BIA denying her motion to reopen removal proceedings. *In re Qing Ling Chen,* No. A79 084 141 (BIA Oct. 10, 2003). Previously, the BIA had summarily affirmed the July 31, 2001 decision of Immigration Judge ("IJ") William C. Peterson denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Ling Chen,* No. A79 084 141 (BIA Aug. 30, 2002), *aff'g* No. A79 084 141 (Immig. Ct. N.Y. City July 31, 2001). We

assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. Chen's motion, which challenged the BIA's final order of August 30, 2002, was filed nearly 10 months later on June 23, 2003, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2).

Further, the BIA reasonably found that the 90–day deadline should not be equitably tolled based on Chen's ineffective assistance of counsel claim. *See Iavorski v. INS,* 232 F.3d 124, 127 (2d Cir.2000). To prove an ineffective assistance of counsel claim, a petitioner must show that "(1) 'competent counsel would have acted otherwise,' and (2) '[the alien] was prejudiced by [ ] counsel's performance.'" *Id.* at 129 (quoting *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994)). Here, the BIA reasonably found that Chen failed to show that she was prejudiced by her counsel's alleged ineffective assistance. Indeed, Chen's motion to reopen offered no evidence to show why "had the appeal been made, the result would have been different." *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of removal in this petition is DENIED as moot.