**Fehmi GASHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6096–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 14, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander Milch, Christophe & Associates, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Chief of Appeals, Criminal Division, Benjamin F. Langner, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Fehmi Gashi, a native of the former Yugoslavia and citizen of the former state of Serbia–Montenegro, seeks review of a November 4, 2004 order of the BIA denying his motion to reopen removal proceedings. *In re Fehmi Gashi*, No. A78 714 834 (B.I.A. Nov. 4, 2004). Previously, the BIA had summarily affirmed the May 3, 2001 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fehmi Gashi*, No. A78 714 834 (B.I.A. July 22, 2002), *aff'g* No. A78 714 834 (Immig. Ct. N.Y. City May 3, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted).

■ The BIA did not abuse its discretion in denying Gashi's motion to reopen. To the extent he alleged ineffective assistance of counsel, he failed to establish that he was prejudiced by his former counsel's allegedly deficient performance. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). While Gashi's failure to submit corroboration at his hearing may have been attributable to his attorney's negligence, the IJ ultimately denied the asylum and withholding applications because of changed country conditions in Kosovo. The background evidence before the IJ indicated that by 2001, conditions for ethnic Albanians had improved since the 1998–99 conflict, when Gashi's family was allegedly persecuted by the Serbs. Gashi has never claimed that this finding regarding country conditions was attributable to his former attorney, and therefore, he failed to establish prejudice resulting from either his attorney's performance before the IJ or failure to inform him of his right to appeal the BIA's July 2002 decision.

■ To the extent that Gashi's motion rested on an allegation of subsequent changed conditions in Kosovo, the BIA did not abuse its discretion in finding that he failed to submit evidence of deteriorating conditions materially affecting his eligibility for asylum. While the State Department report and other materials submitted indicated that episodes of ethnic violence continued in Kosovo, which is now administered by the United Nations, they did not indicate that violence against Albanians in particular had increased since Gashi's May 2001 hearing. Therefore, the BIA reasonably concluded that Gashi failed to meet the heavy burden of demonstrating that reopening was warranted. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).