**SHUFANG LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–5641–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Lorance Hockert, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Shufang Li, a native and citizen of China, seeks review of a November

30, 2006 decision of the BIA denying her motion to reopen. *In re Shufang Li*, No. A73 616 472 (B.I.A. Nov. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The regulations state that a motion to reopen must be filed no later than 90 days after the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's motion was filed beyond the 90–day deadline, but she argues that in light of her ineffective assistance of counsel claim, the filing deadline should have been equitably tolled.[1] *See, e.g., Iavorski v. INS*, 232 F.3d 124, 129–33 (2d Cir.2000). The BIA has set forth procedural requirements for ineffective assistance of counsel claims with which a movant must comply. *Matter of Lozada*, 19 I & N Dec. 637, 639 (BIA 1988); *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993). Furthermore, in making an ineffective assistance of counsel claim, the movant must demonstrate that she was prejudiced by her prior counsel's conduct. *See, e.g., Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir.2007). We need not determine whether Li satisfied the procedural re-

quirements set forth in *Lozada* because the BIA did not abuse its discretion in finding that Li failed to prove that she was prejudiced by her prior counsel's conduct. To prove prejudice, the alien must establish not only that competent counsel would have acted otherwise, but also that had counsel acted appropriately, the result would have been different. *Esposito*, 987 F.2d at 111. In her motion to reopen, Li argued that all of her previous attorneys engaged in prejudicial conduct when they failed to notice or attempt to correct a translation error in one of her documents. However, the BIA did not abuse its discretion in holding that Li failed to prove that the result of her case would have been different had the mistake been discovered or corrected earlier. In addition to noting the inconsistency regarding the timing of the abortion, the IJ cited to four other problems with Li's credibility, including her inability to discuss the timing or details of the first four abortions. Thus, there is sufficient evidence in the record to support the BIA's conclusion that the discovery of the allegedly mistranslated document would not have changed the outcome of Li's case. Accordingly, because the BIA correctly determined that Li was not prejudiced by the conduct of her prior attorneys, it properly denied her motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. Because Li does not make any arguments regarding her adjustment of status claim, we deem any such claim abandoned. *See Yueq-* *ing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).