SHAN ZHU, Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States *, Respondent.

No. 07–2653–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Douglas B. Payne, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Shan Zhu, a native and citizen of the People's Republic of China, seeks review of a May 25, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Shan Zhu,* No. A 77 296 787 (B.I.A. May 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

Here, the BIA did not abuse its discretion by denying Zhu's motion to reopen. *See Kaur*, 413 F.3d at 233–34. As the BIA noted, Zhu contends that his prior counsel was ineffective in failing to submit his witness list to the IJ within the time limit provided, thereby preventing him from having witnesses testify on his behalf. Zhu asserts that the prejudice caused by his inability to present his brother as a witness is "clear," because he repeatedly emphasized that his claim was "extremely similar" to that of his brother who had received asylum. As the BIA observed, however, the IJ found Zhu's testimony not credible based on inconsistencies between his testimony and written statements regarding why and when the police sought to arrest him in China, as well as Zhu's failure to mention his claim of past persecution based on his religion in either his airport or credible fear interview. The BIA properly found that Zhu failed to specify how the testimony of his witnesses would have overcome these discrepancies. In the absence of such a showing, the BIA properly concluded that Zhu did not present evidence that the result of his case would have been different if the witnesses he identified had testified on his behalf. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993). Zhu thus failed to demonstrate that his prior counsel's failure to submit a witness list prejudiced the outcome of his case. *See id.* We therefore decline to reach the BIA's additional finding concerning whether Zhu could have or should have raised his ineffective assistance of counsel claim in his brief on appeal to the agency.

Finally, we note that contrary to Zhu's assertion that he was prevented from presenting his witnesses, the record reflects that the IJ fully anticipated the testimony of Zhu's brother based on representations made during the course of the proceedings. However, in addition to the fact that Zhu's counsel failed to submit a witness list, Zhu's brother failed to appear on the date of the merits hearing. Under these circumstances, there is no basis for Zhu's assertion that he was "prevented" from presenting his case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal.