**RONG ZHUO NI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2807–ag.

United States Court of Appeals, Second Circuit.

April 3, 2008.

John Chang, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Janice Redfern, Trial Attorney; Lindsay B. Glauner, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Zhuo Ni, a native and citizen of the People's Republic of China, seeks review of a June 20, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Rong Zhuo Ni,* No. A 72 021 973 (B.I.A. June 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying Ni's motion to reopen. *See Kaur,* 413 F.3d at 233–34. The BIA accurately noted that, whereas a timely motion to reopen would have been due in June 2004, Ni did not file his motion until January 2007, well beyond the 90–day filing deadline. *See* 8 C.F.R § 1003.2(c)(2).

■ Further, the BIA properly found that Ni failed to establish that his due process rights were violated by his prior attorneys' conduct. Ni contends that his prior counsel was ineffective because he failed to include his forced sterilization claim in his asylum application, and be-

cause he provided an interpreter for a medical examination who refused to translate to the physician the details of that claim. Ni asserts that, if not for these "errors," there is a "reasonable probability" that the result of his proceedings would have been different—i.e., that the IJ would not have made an adverse credibility finding. However, the BIA appropriately observed that, even assuming that Ni's prior counsel was responsible for the omission and interpreter problems, the IJ found Ni's testimony not credible based on several other grounds. For instance, apart from the omission of the forced sterilization and the translation issue, the IJ found that the omission from Ni's application of his detention and his wife's intra-uterine device insertion undermined his credibility. Likewise, the IJ emphasized that, in contrast to his assertions in his written application, Ni failed to testify about the problems he experienced in China due to his alleged participation in the June 4th student democracy movement. Moreover, the IJ found Ni's testimony internally inconsistent with respect to where the sterilization occurred. Contrary to Ni's assertion that the IJ placed "great importance" on his attorney's alleged errors, the IJ found that the remaining findings were "more important reasons" why he "absolutely" did not believe Ni's testimony. That adverse credibility finding was affirmed by the BIA in its 2004 order, and we denied Ni's petition for review of that decision.

Given that Ni failed to overcome the adverse credibility finding below, he was unable to demonstrate that his prior counsel's alleged ineffectiveness prejudiced his claim. *See e.g., Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). Thus, the BIA properly denied Ni's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93. We therefore

decline to reach the BIA's additional finding concerning whether Ni exercised due diligence during the period he sought to toll.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.