20-1808
*Gonzalez-Padilla v. Bondi*                                                                     BIA
                                                                                        Hochul, IJ
                                                                                       A209 408 087

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand twenty-five.

PRESENT:
            RICHARD C. WESLEY,
            RICHARD J. SULLIVAN,
                  *Circuit Judges*,
            BRIAN M. COGAN,
                  *District Judge.**

_____

OSSCAR GONZALEZ-PADILLA,
            *Petitioner*,

            v.                                                           No. 20-1808

PAMELA BONDI, UNITED STATES ATTORNEY
GENERAL,
            *Respondent*.

---

\* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

_____

| | |
|---|---|
| **For Petitioner:** | Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY. |
| | |
| **For Respondent:** | Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.[1]

Petitioner Osscar Gonzalez-Padilla, a native and citizen of Mexico, seeks review of a decision of the BIA affirming the decision of an Immigration Judge ("IJ") deeming his application for cancellation of removal abandoned and ordering his removal to Mexico. *In re Osscar Gonzalez-Padilla*, No. A 209 408 087 (B.I.A. May 12, 2020), *aff'g* No. A 209 408 087 (Immigr. Ct. Buffalo June 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] This summary order was originally issued on September 28, 2021 but was then withdrawn at the request of the parties pursuant to Federal Rule of Appellate Procedure 42(b). The parties entered a joint stipulation, which permitted either side to reinstate the case by submitting a letter to the Clerk of Court. On August 8, 2025, the government submitted a letter requesting that we reinstate this case and re-issue our September 2021 decision. We granted that motion and hereby re-issue our previous summary order.

Gonzalez-Padilla argues that his application for cancellation of removal should be reinstated, and his order of removal vacated, because he received ineffective assistance of counsel in his agency proceedings. To prevail on an ineffective assistance claim, however, a noncitizen must satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), which directs that the petitioner submit:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir. 1993). A noncitizen "who has failed to comply substantially with the *Lozada* requirements . . . forfeits h[is] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005).

Here, the BIA did not err in rejecting Gonzalez-Padilla's ineffective assistance claim because he himself admitted that he did not comply with any of the *Lozada* requirements. And while we may excuse strict compliance with the *Lozada* requirements where an ineffective assistance claim is "clear on the face of

3

the record," *Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007), that is not the case here.   To the contrary, the record before us does not provide any indication as to why Gonzalez-Padilla's application was not filed, much less demonstrate that counsel was at fault for that failure.   Gonzalez-Padilla has thus forfeited his ineffective assistance claim by failing to substantially comply with the procedural requirements set forth in *Lozada*.   *See Jian Yun Zheng*, 409 F.3d at 47.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4