**CHANG WANG LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 06–5577–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2007.

---

Gary J. Yerman, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Leslie B. McClendon, Assistant United States Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Chang Wang Lin, a native and citizen of China, seeks review of a November 20, 2006 decision of the BIA denying his motion to reopen. *In Re Chang Wang Lin*, No. A74 395 209 (B.I.A. Nov. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [ BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [ BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The regulations state that a motion to reopen must be filed no later than 90 days after the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's motion was filed beyond the 90–day deadline; however, Lin argues that "changed circumstances" in China affected his eligibility for relief, excusing the untimeliness of his motion. 8 C.F.R. § 1003.2(c)(3)(ii). In addition, Lin argues that the filing deadline should have been equitably tolled based on his allegation of ineffective assistance of counsel. *See, e.g., Iavorski v. INS*, 232 F.3d 124, 129–34 (2d Cir.2000).

In support of his changed circumstances claim, Lin submitted testimony and an affidavit from Dr. John Aird, the 2004 and 2005 U.S. Department of State Human Rights Reports, and a copy of the Fujian Province Family Planning Laws. This evidence does not affect Lin's *prima facie* eligibility for relief. Any evidence of how the Chinese family planning policy is enforced relates to Lin's past persecution claim, based on his wife's purported forced abortion. That claim, however, was already found not credible. Lin does not assert that he has further violated the family planning policy since arriving in the United States, nor does he allege that his wife or other family members have been subjected to persecution since he fled China. Accordingly, the BIA did not abuse its discretion in determining that Lin failed to establish changed circumstances in China that were material to his claims for relief.

The BIA also did not abuse its discretion in denying Lin's ineffective assistance of counsel claim on the ground that he failed to demonstrate prejudice.[1] *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993). First, as the government notes, it is not clear that the attorney against whom Lin claims ineffective assistance, Robert Porges, was his counsel at the proceedings below. That issue aside, Lin failed to demonstrate that counsel should have acted differently or that his conduct prevented Lin from succeeding on his claims for relief. The IJ denied Lin relief from removal based on China's coercive family planning policy because he had failed to mention his wife's abortion in his initial asylum application. Lin explained the omission by testifying that he lacked supporting documentary evidence and was thinking only of the events that he experienced himself. On this record, the BIA did not abuse its discretion in concluding that Lin failed to prove that his prior counsel knew or should have known that Lin had a viable family-planning claim, much less that he erred in omitting such a claim from his original asylum application.

To the extent that Lin challenges the BIA's decision not to exercise its *sua sponte* authority and reopen his proceedings, this Court lacks jurisdiction over that determination. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**1.** The government argues that Lin's motion was properly denied for failure to demonstrate due diligence in pursuing his claim. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Because the BIA did not deny Lin's motion on this ground, we do not evaluate Lin's due diligence. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 107 (2d Cir.2006)