**LIN LI, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 07–0495–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

Peter Lobel, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Jessica E. Sherman, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Li, a native and citizen of the People's Republic of China, seeks review of a January 18, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Lin Li,* No. A 95 844 148 (B.I.A. Jan. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the agency denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). The BIA abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in dismissing Li's motion to reopen. The BIA correctly noted that its prior decision had been issued in August 2004, and that Li did not submit his motion until October 2006, well beyond the ninety day deadline. 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion by deciding that Li's case did not warrant equitable tolling based on ineffective assistance of counsel because even if Li had substantially complied with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), his argument that he demonstrated prejudice is unavailing. *See Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007) (*citing Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993)). While the IJ, in

rendering his adverse credibility finding, stated that the existence of a second asylum application was "most important," as Li noted in his brief, the IJ did not indicate that the similarities between the signatures on both asylum applications were dispositive. Rather, the IJ concluded that Li was not able to explain satisfactorily why the earlier asylum application—which he claimed not to have written—contained the same personal information as the later application that he filed, but did not mention his wife's alleged forced sterilization. The IJ also noted inconsistencies in the record having nothing to do with the earlier asylum application, including Li's testimony regarding the number of children his wife brought with her when she moved, and whether Li had been in hiding at the same time as his wife. The IJ found that such discrepancies "directly and adversely impact[ed] on [Li's] credibility." *In re Lin Li*, No. A 95 844 148 (Immig. Ct. N.Y. City Aug. 4, 2003), at 4. In light of these additional findings with regard to Li's credibility, the BIA's conclusion that Li failed to demonstrate that he was prejudiced by his former attorney's delay in obtaining the handwriting analysis was supported by substantial evidence. The BIA therefore properly denied Li's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.