SUMMARY ORDER

Petitioner Qin Shu Shen, a native and citizen of the People’s Republic of China, seeks review of an August 19, 2008 order of the BIA affirming the June 22, 2006 decision of Immigration Judge (“IJ”) Annette S. Elstein, which pretermitted her application for asylum and denied her application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Qin Shu Shen, No. A096 205 599 (B.I.A. Aug. 19, 2008), ajfg No. A096 205 599 (Immig. Ct. N.Y. City June 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
I. Waiver
Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (citing Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998)). In her brief to this Court, Shen does not contest either the agency’s denial of her motion to remand based on the availability of her son and daughter-in-law’s testimony, or the agency’s pretennission of her untimely asylum application. Therefore, we deem waived any such challenge. See id.
In addition, Shen fails to challenge the agency’s finding that she was not credible. As a result, any such challenge is also deemed waived. See id. We note that no manifest injustice will result from this waiver, as a review of the record shows that substantial evidence supports the IJ’s adverse credibility determination. The IJ reasonably relied on various discrepancies in the record. Therefore, we will not disturb the agency’s denial of Shen’s application for withholding of removal and CAT relief to the extent both claims were based on her alleged hiding of a Falun Gong practitioner.
II. Motion to Reopen
The BIA properly denied Shen’s motion to reopen based on the alleged ineffective assistance of her trial counsel because she failed to show that any ineffective assistance prejudiced the outcome of her case. In order to prevail on a claim of ineffective assistance of counsel, a mov-ant must show that competent counsel would have acted otherwise, and that the alien was prejudiced by her counsel’s performance. See Rabiu v. INS, 41 F.3d 879, 882-83 (2d Cir.1994); Esposito v. INS, 987 F.2d 108, 111 (2d Cir.1993) (per curiam); In re Compean, 24 I. & N. Dec. 710, 733-34 (A.G.2009). The Attorney General recently defined prejudice as a showing that the alien would more likely than not have been granted the relief sought if not for her attorney’s inadequate performance. See In re Compean, 24 I. & N. Dec. at 733-34.
Here, the BIA properly concluded that Shen had not shown that, absent her counsel’s alleged errors, she would more likely than not have received relief. While Shen *29 identifies a variety of alleged errors at her merits hearing, she does not even allude to the actions that her prior counsel could have taken that would have led to a different result. See Rabin, 41 F.3d at 882-83; Esposito, 987 F.2d at 111. Indeed, as we previously noted, Shen failed to challenge the agency’s adverse credibility finding. Accordingly, the BIA did not err in denying Shen’s motion to reopen based on ineffective assistance of counsel.
III. CAT Relief
Finally, the agency did not err in denying Shen’s claim for CAT relief based on her illegal departure from China. The IJ properly found, and the BIA agreed, that Shen failed to present any evidence in support of such a claim. Indeed, Shen testified that she left China using her own passport after inspection by Chinese officials, and thus did not illegally depart China. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005). Moreover, to the extent that Shen argues that she will more likely than not be tortured for merely seeking refuge in the United States, she has provided no evidence that persons in her circumstances are subjected to the requisite likelihood of torture upon return to China. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). Therefore, the agency did not err in denying Shen’s application for CAT relief.
For the foregoing reasons, the petition for review is DENIED.