SUMMARY ORDER

Petitioner Akramul Houque Hasem-Ak-ther, a native and citizen of Bangladesh, seeks review of the July 2, 2008 order of the BIA denying his motion to reopen. In re Akramul Houque Hasem-Akther, No. A098 350 043 (B.I.A. July 2, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). “An abuse of discretion may be found, where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). We conclude that the BIA did not *46 abuse its discretion in denying Hasem-Akther’s motion to reopen where he failed to demonstrate that he was prejudiced by his former counsels’ purportedly ineffective assistance.[1] See Rabiu v. INS, 41 F.3d 879, 882-83 (2d Cir.1994) (recognizing that in order to prevail on a claim of ineffective assistance of counsel, a movant must show that he was prejudiced by his counsel’s performance). Indeed, Hasem-Akther failed to demonstrate that he was prejudiced by his first attorneys’ failure to submit a brief relevant to his claim, where the BIA reviewed the IJ’s decision on direct appeal and subsequently adopted and affirmed the IJ’s findings. See id. Additionally, Hasem-Akther did not assert in his motion what arguments could have been presented on appeal that may have led to a different result. See Esposito v. INS, 987 F.2d 108, 111 (2d Cir.1993) (per curiam).
As Hasem-Akther failed to demonstrate that he was prejudiced by the allegedly ineffective assistance of his former attorneys, we find that the BIA did not abuse its discretion in denying his motion to reopen. See Ke Zhen Zhao, 265 F.3d at 93.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We decline to address the government's argument that there is no Fifth Amendment due process right to the effective assistance of counsel in immigration proceedings.