09-3434-ag
Yadgarov v. Holder

BIA
A097 526 418

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges.*

────────────────────────────────────

ATKHAMZHAN YADGAROV,
> *Petitioner,*

v.                                    09-3434-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

────────────────────────────────────

FOR PETITIONER:        Alexander J. Segal, Grinberg & Segal, P.L.L.C., New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Atkhamzhan Yadgarov, a native of the former Soviet Union and citizen of Kazakhstan, seeks review of the July 23, 2009, order of the BIA denying his motion to reopen. *In re Yadgarov*, No. A097 526 418 (B.I.A. July 23, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Yadgarov's motion based on its finding that he failed to show that his former counsel's conduct was prejudicial. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) (holding that to prevail on a claim of ineffective assistance of counsel, a petitioner must show that competent counsel would have acted otherwise and that he was prejudiced by his counsel's conduct). To show prejudice, Yadgarov contends that his attorney failed to instruct him to get documents from

Kazakhstan to support his claims of persecution, implying that such documents existed and would have proved helpful. But, he testified that he had asked family members to send him a statement weeks in advance of his removal hearing, and he has failed to show what documents he would have produced had he received different advice from counsel. Although Yadgarov further contends that his attorney failed to show him a copy of the document purported to be his personal statement, he testified that he wrote the statement himself and gave no other indication during the proceedings before the IJ that the statement was fabricated. Under these circumstances, it was within the Board's discretion to conclude that better advice would have made no material difference.

Finally, because Yadgarov does not challenge the BIA's denial insofar as it construed his motion as a motion to reconsider, we do not address that portion of the BIA's opinion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk