09-4828-ag
Nicaj v. Holder

BIA
A073 558 250

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand ten.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

ALTIN NICAJ,
        *Petitioner*,

        v.                              09-4828-ag

                                        NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Sokol Braha, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General,
                       Ernesto H. Molina, Jr., Assistant
                       Director, Jamie M. Dowd, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, Civil
                       Division, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Altin Nicaj, a native and citizen of Albania, seeks review of the October 26, 2009, order of the BIA denying his motion to reopen. *In re Altin Nicaj*, No. A 073 558 250 (B.I.A. Oct. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Nicaj's untimely and number-barred motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Motions to reopen *in absentia* orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006). Because Nicaj sought reopening based on new evidence, we analyze the motion under the general motion to reopen procedures set forth in 8 C.F.R. §§ 1003.2(c), 1003.23(b). The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than

90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Nicaj does not dispute that his April 2009 motion was untimely and number-barred. Rather, he argues that the BIA should have tolled the time limitations to accommodate his ineffective assistance of counsel claim.

In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (requiring an affirmative demonstration of the exercise of due diligence). The BIA did not abuse its discretion in declining to equitably toll the filing deadline for Nicaj's motion to reopen because, as it found, he failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance claim, as his motion was filed more than 90 days after his discovery of his ineffective

3

assistance claim. *Rashid*, 533 F.3d at 132.

Nicaj argues that the BIA's decision was "devoid of any reasoning" and he demonstrated that he exercised due diligence because he "never stopped pursuing his immigration matters ... and actively tried to obtain lawful status." Nicaj's argument is without merit. As the BIA noted, although Nicaj met his current attorney in May 2008 and a letter from his current attorney indicates that he discovered his first attorney's ineffective representation prior to December 2008, he did not file his motion to reopen until April 2009. Moreover, contrary to Nicaj's argument that he has been diligent in pursuing his immigration matters over the past decade, that explanation does not address the BIA's specific finding that he did not exercise due diligence in filing his ineffective assistance claim against his first attorney.[1] Under these circumstances, we find no error in

---

[1] In his brief, Nicaj argues that he received ineffective assistance of counsel from several (identified and unidentified) prior attorneys that he had purportedly retained to assist him with various immigration matters over the past decade. However, as the BIA found, although Nicaj "generally alleged misconduct against [several prior attorneys] . . . he has not claimed that reopening [was] warranted due to ineffective assistance on the part of any attorney other than [his first attorney], nor has he shown that he has attempted compliance with [the *Lozada* requirements]."

the BIA's conclusion that Nicaj did not exercise the requisite due diligence. *See Rashid*, 533 F.3d at 132; *Cekic*, 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

BIA op. at 2. We identify no error in that determination. *See Esposito v. INS,* 987 F.2d 108, 110-11 (2d Cir. 1993) (explaining that *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), requires a successful ineffective assistance of counsel claim be accompanied by: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so").