11-298-ag
Jahangir v. Holder

BIA
A079 077 555

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand twelve.

PRESENT:
> JOSEPH M. MCLAUGHLIN,
> GUIDO CALABRESI,
> REENA RAGGI,
> *Circuit Judges.*

_____

MOHAMMED JAHANGIR,
> *Petitioner,*

v.                                          11-298-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony W. Norwood, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mohammed Jahangir, a native and citizen of Bangladesh, seeks review of the December 27, 2010, order of the BIA denying his motion to reopen. *In re Mohammed Jahangir*, No. A079 077 555 (B.I.A. Dec. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Jahangir's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Jahangir's 2010 motion was untimely and number-barred, as he previously filed three motions to reopen, and the final administrative order was issued in 2006. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). In some

2

instances, however, the agency may excuse the time and numerical limitations if an alien demonstrates ineffective assistance of counsel. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). To prevail on a claim of ineffective assistance, an applicant must demonstrate that "competent counsel would have acted otherwise," *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir. 1993), and that he was prejudiced as a result of his counsel's poor performance, *see Rabiu*, 41 F.3d at 882.

Here, the BIA did not abuse its discretion in dismissing Jahangir's claim of ineffective assistance against Anthony Collins because only Collins's associate, not Collins, represented Jahangir. Contrary to Jahangir's contention, the BIA reasonably found that its regulations hold only the individual attorney, not his firm, accountable for ineffective representation. *See* 8 C.F.R. §§ 1003.17, 1003.101 (requiring individual attorneys to enter their appearance before the Immigration Court and confirm their submission to the BIA's authority to sanction); *Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009) (the Court deems the BIA's interpretation of its regulations to be controlling "unless plainly erroneous or inconsistent with the regulation.").

The BIA also reasonably determined that Jahangir failed to establish that M. Najmul Alam provided ineffective representation.  Alam denied Jahangir's allegations that he failed to timely inform Jahangir of the BIA's 2006 decision.  The BIA reasonably found Alam more persuasive, particularly in light of Jahangir's factually inaccurate assertions in his affidavit with respect to Collins's representation.

Moreover, even assuming that Jahangir's counsel was ineffective, the BIA did not abuse its discretion in declining to equitably toll the time for filing to reopen because Jahangir failed to exercise due diligence.  *See Cekic v. INS,* 435 F.3d 167, 171-72 (2d Cir. 2006) (holding that equitable tolling is not available when the alien fails to exercise due diligence in pursuing an ineffective assistance claim).  Not until Jahangir filed his second motion to reopen in 2009, two years after he allegedly discovered Alam's ineffectiveness, did he first claim ineffective assistance of counsel.  The BIA therefore reasonably found that Jahangir failed to exercise due diligence.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (citing several cases holding that "a petitioner who waits two years or longer to take steps to reopen a

4

proceedings ha[d] failed to demonstrate due diligence"). Accordingly, the BIA did not abuse its discretion in denying Jahangir's motion to reopen as untimely and number-barred.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5