11-1671                                                              BIA
Lin v. Holder                                              A088 996 422
A088 996 423

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
>    ROBERT D. SACK,
>    PETER W. HALL,
>    SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

YUN ZHU LIN, HENG YOU RUAN,
>    *Petitioners,*

v.                                        11-1671
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONERS:        Theodore N. Cox, New York, NY.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Mary Jane Candaux,
                        Assistant Director; Kiley L. Kane,
                        Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yun Zhu Lin and Heng You Ruan, natives and citizens of the People's Republic of China, seek review of an April 6, 2011 order of the BIA denying their motion to reopen. *In re Yun Zhu Lin* & *Heng You Ruan*, Nos. A088 996 422/423 (B.I.A. Apr. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (citation omitted). Lin and Ruan moved to reopen their removal proceedings, asserting that their former counsel had been ineffective for failing to file a brief on appeal to the BIA. The BIA denied reopening, finding that Lin and Ruan failed to establish that they suffered actual prejudice due to their counsel's actions and thus did not demonstrate ineffective assistance. We find no abuse of discretion.

To prevail on a claim of ineffective assistance, a movant "must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 241 (2d Cir. 1992). To show a deprivation of fundamental fairness, a movant must allege facts that establish that "competent counsel would have acted otherwise," and that "he was prejudiced by his counsel's performance." *Id*. (citing *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)) (internal quotation marks omitted). To show actual prejudice, movants must establish *prima facie* eligibility for the relief sought and demonstrate "that [they] could have made a strong showing in support of [their] application" but for their counsel's ineffective assistance. *Id.* at 882-83. Thus, to prevail on their ineffective assistance claim, the petitioners were required to demonstrate that the BIA would have reached a different result in adjudicating their appeal had their prior counsel filed an appellate brief. *See Esposito*, 987 F.2d at 111.

Lin and Ruan argue that their appeal would have been granted had counsel filed a brief. They claim that they demonstrated *prima facie* eligibility for asylum because they had a second child in the United States. Under China's family planning policy, sterilization is mandatory after the birth of a second child, and sterilization is a form of persecution.

The petitioners failed to articulate what arguments their former attorney could have raised that would have changed the result of their case. *See Esposito*, 987 F.2d at 111. Specifically, in their motion to reopen, the petitioners offered only conclusory assertions that they were eligible for asylum based on the birth of their second child in the United States. Standing alone, these assertions are inadequate to demonstrate eligibility for asylum, withholding of removal or CAT relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 164-66 (2d Cir. 2008) (finding no error in the BIA's conclusion that evidence similar to that submitted by the petitioners was insufficient to establish *prima facie* eligibility for relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and the pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3