10-2804-ag
Wassily v. Holder

BIA
Schoppert, I.J.
A026 102 429

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*
>    CATHY SEIBEL,[*]
>        *District Judge.*

_____

TAMER S. WASSILY,
>        *Petitioner,*

>    v.                                   10-2804-ag
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          David K. S. Kim, Jules E. Coven,
                         Kerry W. Bretz, New York, New York.

---

[*] The Honorable Cathy Seibel, United States District Court for the Southern District of New York, sitting by designation.

FOR RESPONDENTS:     Tony West, Assistant Attorney
                     General; Mary Jane Candaux,
                     Assistant Director; David H.
                     Wetmore, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Tamer S. Wassily, a native and citizen of Egypt, seeks review of a June 14, 2010, order of the BIA, denying his motion to remand based on the ineffective assistance of his former counsel, and affirming the September 3, 2008, decision of the Immigration Judge ("IJ"), which terminated his asylum status and denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Wassily*, No. A026 102 429 (B.I.A. June 14, 2010), *aff'g* No. A026 102 429 (Immig. Ct. N.Y.C. Sept. 3, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.   Asylum, Withholding of Removal, and CAT

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the

2

sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanquin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The Government now concedes that in light of our holding in *Nethgani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008), 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive us of jurisdiction to review the agency's decision in this case. Nor does 8 U.S.C. § 1252(a)(2)(C) deprive us of jurisdiction over this petition, because the agency did not originally find Wassily removable due to his criminal convictions, but rather for having overstayed the terms of his visa. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1253 (9th Cir. 2003).

The agency found that Wassily's conviction for stalking in the third degree in violation of New York Penal Law § 120.50(3) constituted a particularly serious crime barring him from asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and withholding of removal under the CAT. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(c). In finding that Wassily was convicted of a particularly serious crime, the agency relied on the factual narrative contained in a pre-

3

sentence report ("PSR"). The BIA has held that "all *reliable* information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction." *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007) (emphasis added). However, we have held that the factual narrative contained in a PSR is "inherently unreliable." *Dickson v. Ashcroft*, 346 F.3d 44, 54 (2d Cir. 2003). Although the IJ also relied in some measure on Wassily's plea colloquy, which we have noted "do[es] not pose the potential reliability problems of a factual narrative in a PSR," *id.*, remand is required for the BIA to reconsider whether the IJ was entitled to rely on the PSR, and, if not, whether Wassily's crime is particularly serious based only on the plea colloquy or other reliable evidence, *see id.* at 55. If the agency determines that no reliable evidence supports a particularly serious crime determination, the termination of Wassily's asylee status was in error, and that status should be reinstated.

We do not find error in the agency's denial of deferral of removal under the CAT based on Wassily's failure to show

4

that he is more likely than not to face torture in Egypt. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Contrary to Wassily's contention, we find no indication that the IJ's adverse credibility findings impacted the denial of CAT relief. Likewise, Wassily's argument based on the "past persecution" he suffered in Egypt is without merit, as the IJ did not find that Wassily had established past persecution, even in his 2000 decision granting asylum. Moreover, because Wassily's past persecution claim was based largely on unfulfilled threats of harm, the IJ's finding that his past experiences did not amount to persecution or torture was not in error. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41 (2d Cir. 2006)*; Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Wassily further argues that the IJ erred in denying his CAT claim based on his fear that he will face torture as a criminal deportee and former asylee. However, the agency reasonably found that Wassily failed to show that the Egyptian authorities were likely to become aware of his former asylee status and criminal history. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 (2d Cir. 2006) (recognizing that "the applicant seeking CAT relief . . . is required to establish that it is more likely than not that

5

she would be tortured"); *In re J.F.F.*, 23 I. & N. Dec. 912, 917 (B.I.A. 2006) (holding that the IJ erred in granting CAT relief where the IJ "strung together a series of suppositions").  Indeed, although Wassily's expert testified that if he were detained there was a strong likelihood he would be tortured, he also conceded that he did not know how the Egyptian government would become aware of Wassily's conviction, stating only that there "is a good chance" that Egyptian authorities would question a returnee.  Similarly, the IJ reasonably distinguished this case from *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004), in which we found that an Egyptian citizen wanted for murder in Egypt was eligible for CAT relief, because Wassily did not allege that the Egyptian police had any interest in him individually.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (denying CAT relief because petitioner offered "no additional particularized evidence" to support her claim).  Accordingly, the agency did not err in finding that Wassily failed to demonstrate that he was more likely than not to face torture if returned to Egypt.

## II.    Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion.  *See Liyong Cao v. U.S. Dep't of*

*Justice*, 421 F.3d 149, 157 (2d Cir. 2005).  We review *de novo* whether the assistance of petitioner's prior counsel was effective.  *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (per curium).

The BIA denied Wassily's motion to remand based on the ineffective assistance of his prior counsel, finding that he failed to demonstrate that: (1) competent counsel would have acted otherwise; and (2) he was prejudiced by his former counsel's performance.  Because the BIA did not adequately explain how it arrived at these conclusions, it abused its discretion in denying Wassily's motion to remand.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).  The explanation of Wassily's former counsel, that he declined to apply for adjustment of status on Wassily's behalf in order to avoid bringing to the attention of the IJ the negative equitable factors arising from details of Wassily's conviction for stalking, is unsatisfactory.  *See Esposito*, 987 F.2d at 111.  CAT relief, unlike asylum, is not dependant on the alien's equities.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 115-16 (2d Cir. 2007).  Moreover, if the IJ had determined that Wassily was not convicted of a particularly serious crime, any equitable factors would have been irrelevant, because Wassily had

7

already been granted asylum in 2000, and negative equitable factors are not a ground to terminate asylum. *See* 8 U.S.C. § 1158(b)(2), (c)(2); 8 C.F.R. § 1208.24. Accordingly, the BIA abused its discretion in finding that Wassily failed to demonstrate that competent counsel would have applied for adjustment of status under 8 U.S.C. § 1159. *See Zhao*, 265 F.3d at 93.

The BIA also abused its discretion in concluding without explanation that Wassily was not prejudiced by his former counsel's failure to apply for adjustment of status on his behalf because "it does not appear that [he] would be prima facie eligible for adjustment of status." In so stating, the BIA presumably meant that Wassily's crime was a crime involving moral turpitude, thus rendering him inadmissible for adjustment of status. *See* 8 U.S.C. §§ 1159(b)(5), 1182(a)(2)(A)(i)(I). However, even if Wassily's conviction does render him inadmissible, the IJ would have had the discretionary authority to waive that ground of inadmissibility under 8 U.S.C. § 1159(c), had his attorney applied for adjustment. The BIA thus abused its discretion in finding that Wassily was not prejudiced by his former counsel's failure to apply for adjustment of status on his behalf based on its unexplained conclusion

8

that he was not prima facie eligible for adjustment of status. *See Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9