11-4815
Ostrovskaya v. Holder

BIA
A079 331 594
A079 331 595

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
ROBERT D. SACK,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges*.

_____

EKATERINA OSTROVSKAYA, ALISA RADJABOVA,
*Petitioners*,

v.                                                11-4815
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONERS:        Ekaterina Ostrovskaya, Alisa
                        Radjabova, *Pro Se*, Spring Valley,
                        NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; David V. Bernal,

**Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ekaterina Ostrovskaya, a native of the former Soviet Union and citizen of Uzbekistan, and her daughter, Alisa Radjabova, a native and citizen of Uzbekistan, seek review of the October 12, 2011 decision of the BIA denying their motion to reopen. *In re Ekaterina Ostrovskaya, Alisa Radjabova*, Nos. A079 331 594/595 (B.I.A. Oct. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Petitioners' motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' 2011 motion was

2

untimely, as the final administrative order was issued in 2003.

The agency may equitably toll the time limitation imposed on motions to reopen if an alien demonstrates ineffective assistance of counsel. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). To prevail on a request for tolling based on a claim of ineffective assistance, an applicant must demonstrate that: (1) "competent counsel would have acted otherwise," *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir. 1993) (per curiam); (2) she was prejudiced as a result of her counsel's poor performance, *see Rabiu*, 41 F.3d at 882; and (3) she exercised due diligence in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen was filed" *see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

Here, Petitioners generally assert that they established that their prior counsel failed properly to present their case before the immigration judge. As the BIA reasonably found, however, Petitioners failed to provide any evidence that they substantially complied with the

3

requirements for claiming ineffective assistance of counsel as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Additionally, given Petitioners' failure both to raise this claim for nearly ten years after the denial of their application for relief, and to provide any excuse for the delay, the BIA reasonably found that Petitioners failed to exercise due diligence in pursuing their claim. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (per curiam) (citing cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen a proceeding ha[d] failed to demonstrate due diligence"). The BIA therefore did not err in finding that the time limitation applicable to their motion to reopen could not be equitably tolled. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir. 2005) (requiring substantial compliance with *Lozada* to preserve an ineffective assistance of counsel claim); *Rashid*, 533 F.3d at 131 (requiring due diligence).

Because the timeliness issue was dispositive of the motion to reopen, the BIA was not required to address Petitioners' *prima facie* eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1)-(2). To the extent Petitioners argue that they established extraordinary circumstances warranting

4

*sua sponte* reopening and also demonstrated a change in personal circumstances and country conditions, those arguments are unexhausted and therefore we may not consider them. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5