Assad v. Sessions

BIA
Poczter, IJ
A087 146 447

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

MUHAMMAD ASSAD, AKA ASAD BUTT,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-521
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Naresh M. Gehi, Forest Hills, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muhammad Assad, a native and citizen of Pakistan, seeks review of a January 27, 2017, decision of the BIA affirming a December 23, 2015, decision of an Immigration Judge ("IJ") denying Assad's motion to reopen his removal proceedings. *In re Muhammad Assad,* No. A087 146 447 (B.I.A. Jan. 27, 2017), *aff'g* No. A087 146 447 (Immig. Ct. N.Y. City Dec. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Assad's petition is timely filed only as to the denial of reopening, so our review is limited to that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We have reviewed the IJ's decision as supplemented by the BIA. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). We review the agency's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.

2

2006, quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992). To obtain reopening based on new evidence, a movant must present previously unavailable evidence that establishes his prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104 (1988). For reopening based on ineffective assistance of counsel, a movant must establish that counsel's performance resulted in actual prejudice. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). In sum, to obtain reopening based on ineffective assistance or new evidence, a movant has to show that reopening is likely to change the result of the proceedings. *Id.; Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (reopening "requires the alien to carry the 'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in her case"). Assad did not meet his burden of showing prejudice because he did not show that the outcome would have been different had proceedings been reopened.

Assad essentially argues that had his counsel presented Assad with the opportunity to testify, the agency would not have found him removable for a misrepresentation because

3

Assad's testimony would have proved that his and his wife's affidavits were coerced. But the agency found that Assad made a material representation on his adjustment application even if the affidavits were not considered. Accordingly, he did not show that the failure to offer his testimony was prejudicial. *See Esposito*, 987 F.2d at 111. A letter from Assad's landlord contradicted Assad's allegation that he had been living with his wife when he filed his application for permanent residence, and the IJ was not required to give greater weight to affidavits from Assad's friends, which all contained near-identical language and repeated an incorrect spelling of Assad's address. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (noting that "striking similarities between affidavits are an indication that the statements are 'canned.'"); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

4

Assad also requested reopening on the ground that his counsel should have filed an asylum application on his behalf. Assad did not meet his burden for reopening because the country conditions evidence offered in support of his application was not new or previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Abudu*, 485 U.S. at 104. Moreover, as the agency found, Assad did not allege, much less prove, that he told any of his former attorneys that he feared returning to Pakistan.

Finally, Assad argued for reopening to seek a redetermination of the denial of the removal of the conditions on his permanent resident status and to request a waiver of the joint filing requirement. But the agency reasonably concluded that Assad failed to demonstrate that he was prima facie eligible for a "good faith" waiver because the evidence showed that he misrepresented material information (the address where he lived with his wife) and thus failed to demonstrate that he had entered his marriage in good faith. *See* 8 U.S.C. § 1186a(a)(4)(B); *see also* 8 C.F.R. § 1003.2(c)(1); *Abudu*, 485 U.S. at 104.

5

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6